E-FILED
Tuesday, 05 March, 2013  02:24:59 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| LUIS A. PLATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-1497 |
| | ) | |
| EUREKA LOCKER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Eureka Locker, Inc.'s (Eureka) Motion to Dismiss Count I of the First Amended Complaint (d/e 11) (Motion).  Plaintiff Luis Plata alleges a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (Title VII), for national origin employment discrimination.  First Amended Complaint (d/e 9) (Complaint), Count I.  Eureka moves to dismiss Count I as beyond the scope of the charge of discrimination (Charge) that Plata filed with the Equal Employment Opportunity Commission (EEOC), and for failure to state a claim.  See Complaint, Exhibit A, Charge of Discrimination.  For the reasons set forth below, the Motion should be allowed in part and denied in part.  Plata's allegations of disparate treatment should proceed because

they are within the scope of the Charge and because they state a claim; however, the allegations of a hostile work environment should be dismissed as beyond the scope of the Charge.

STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plata.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).

Plata is a man of Hispanic national origin.  Plata worked for Eureka from November 2000 until February 11, 2011.  In 2011, Plata worked as a butcher for Eureka.  Plata performed his duties a butcher satisfactorily. Eureka removed Plata from working in January 2011 and laid him off on February 11, 2011.  Plata alleges that Eureka engaged in the following disparate treatment of him in violation of Title VII because of his national origin:

> 8**.** This action brought against the Defendant, EUREKA having subjected PLATA to National Origin Discrimination by failure to treat him the same as non-Hispanic employees despite PLATA'S repeated (sic) about same to wit:
>
> > a) not providing him and other Hispanics first aid kits or gloves on the "kill floor" to protect him and other Hispanics from infection;

b) taking him from employment on January 19, 2011 after being injured on the job in 2009, 2010 and 2011, while non-Hispanic employees who were injured were still retained namely; Everett Doe (Caucasian); Erika Doe (Caucasian); Terry Doe (Caucasian); Josh Lane (Caucasian); Kenny Doe(Caucasian); Joe Doe (Caucasian); Jeff Rogers (Caucasian);Stephanie Doe (Caucasian); Scott Neltner (Caucasian); Kate Troyer (Caucasian); Rodney Koch ( Caucasian); Tony Doe (Caucasian).[1]

c) Being denied medical treatment after being injured on the job while non-Hispanics if injured received medical assistance.

Complaint, ¶ 8.  Plata further alleges that Eureka created a hostile work environment by treating him and other Hispanics differently "in discipline, overall company benefits and conditions of employment" than non-Hispanic employees.  Complaint, ¶ 9.

Plata alleges that he suffered damages from the discrimination and that the discrimination was "done with malice and reckless disregard for PLATA's protected rights."  Complaint, ¶¶ 11-12.  Plata seeks damages, equitable relief, and attorney fees for the alleged violation of Title VII.  Complaint, at 3-4, Prayer for Relief.

Plata filed the Charge with the EEOC on August 3, 2011.  Plata alleged in the Charge:

---

[1] The Complaint states, "The term "Doe" is used as Plaintiff is not aware of each parties (sic) last name." (Emphasis omitted).  Complaint, ¶ 8.

I began my employment with Respondent in and around November 2000.  My last position was as a Butcher.  During my employment with Respondent, I, along with other Hispanic employees, was subjected to different terms and conditions of employment, including but not limited to, not being allowed to fill an employment application, being paid in cash, denied medical assistance, and fringe benefits, including health insurance.  I complained to Respondent about the different terms and conditions to no avail.  Ultimately, I was discharged.

I believe that I, and a class of employees, have been discriminated against because of our national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Charge.  Eureka now moves to dismiss Count I.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

A plaintiff must pursue administrative remedies before filing a civil action under Title VII.  The plaintiff must file a charge of discrimination with the EEOC.  The EEOC then has the opportunity to investigate and resolve the claim administratively.  If the EEOC does not resolve the complaint administratively or bring an enforcement action against the employer, the plaintiff may request a right to sue letter from the EEOC.  If the EEOC issues a right to sue letter, the plaintiff may bring a civil action.  42 U.S.C. § 2000e-5.

The allegations in a Title VII civil action must be within the scope of the allegations in the charge of discrimination filed with the EEOC, "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and

conciliatory role, as well as deprive the charged party of notice of the charge . . . ."  Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 544 (7th Cir. 1988) (quoting Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985)).  To be within the scope of the charge, a complaint must allege claims that are "like or reasonably related to the charge."  Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002).  The claims are reasonably related if they would reasonably be expected to "grow out of an EEOC investigation of the charge."  Id. (quoting Harper v. Godfrey Co., 45 F.3d 143, 147-48 (7th Cir. 1995).  At a minimum, the complaint and the charge "must describe the *same conduct* and implicate the *same individuals*."  Id. (quoting Harper, 45 F.3d at 147-48) (emphasis in the original).

The Charge alleges a denial of medical assistance, and the Complaint alleges disparate treatment in connection with medical assistance.  Paragraph 8, quoted above, alleges disparate treatment with respect to the availability of first aid kits and gloves to avoid infections on the job, the availability of medical treatment for injuries on the job, and the loss of work due to such injuries.  These allegations are all reasonably related to the claim in the Charge that Eureka discriminated against Plata in the provision of medical assistance, or could reasonably be expected to

grow out of an EEOC investigation of the Charge.  These allegations, therefore, are within the scope of the charge.  At a minimum, an issue of fact exists regarding whether the allegations are within the scope of the Charge.  The allegations of disparate treatment, as set forth in paragraph 8 of the Complaint quoted above, should not be dismissed as outside of the scope of the Charge.

The hostile work environment claims, however, are beyond the scope of the charge.  A hostile work environment under Title VII is a working environment that subjects an employee to severe or pervasive abuse or hostility because of he is in a protected class, in this case because Plata is Hispanic.  See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).  The Charge contains no inkling of hostility or abusive conduct, let alone severe or pervasive hostility or abuse.  The hostile work environment claim in Count I is beyond the scope of the charge and should be dismissed.

Eureka also argues that Plata fails to state a claim for disparate treatment because Plata fails to allege that he suffered an adverse employment action.  To state a Title VII claim for disparate treatment discrimination, a plaintiff must allege that he was employed by an employer covered by Title VII, he was in a protected class, and his employer subjected him to an adverse employment action because of his

membership in the protected class.  42 U.S.C. § 2000e-2;  see St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993).

An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits."  Lewis v. City of Chicago, 496 F.3d 645, 653 (7th Cir. 2007) (quoting Bell v. E.P.A., 232 F.3d 546, 555 (7th Cir. 2000)).  A significant change in employment status can also include, "changes to the employee's work conditions including subjecting her to 'humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in [her] work place environment.'"  Lewis, 496 F.3d at 653 (quoting Herrnreiter v. Chicago Housing  Authority, 315 F.3d 742, 744-45 (7th Cir. 2002)).

Plata alleges that he suffered adverse employment actions.  Plata alleges he was injured at work, and because he is Hispanic, he was denied medical treatment and was removed from work, unlike his Caucasian coworkers.[2]  As a result of this disparate treatment, he was ultimately laid

---

[2] The Court uses the term "Caucasian" because the Complaint uses that term.  Caucasian is a racial term, not a term that describes national origin.  Hispanics, for example, may be Caucasian if they are of European or other Caucasian ancestry.  The Court assumes Plata uses the term "Caucasian" to mean non-Hispanic Caucasian coworkers.

off.  These allegations show that Plata suffered an adverse employment action as a result of the disparate treatment.

When read favorably to Plata, the Complaint also alleges that he was subjected to an adverse employment action due to unsafe and unhealthy working conditions.  Plata alleges that because he was Hispanic, he was denied access to first aid kits and protective gloves and was denied medical treatment after he was injured.  These allegations create an issue of fact regarding whether the denial of medical assistance subjected him to an adverse employment action in the form of unsafe working conditions, independent of the removal from work and the layoff.  Count I states a claim for disparate treatment.

WHEREFORE this Court recommends that Defendant's Motion to Dismiss Count I of the First Amended Complaint (d/e 11) should be ALLOWED in part and DENIED in part.  The claim that Defendant subjected Plaintiff to a hostile work environment should be dismissed.  The remainder of the Motion should be denied.  Plata should be allowed to proceed with his Title VII claim for disparate treatment.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and

Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  <u>See</u> <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  <u>See</u> <u>Local Rule</u> 72.2.


ENTER:  March 5, 2013


                                    <u>    *s/ Byron G. Cudmore*    </u>
                                    UNITED STATES MAGISTRATE JUDGE