# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS A. PLATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1497 |
| | ) |
| EUREKA LOCKER, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Magistrate Judge Byron Cudmore's Report and Recommendation (ECF No. 16). Therein, the Magistrate Judge recommends that Defendant Eureka Locker, Inc.'s ("Eureka" or "Defendant") Motion to Dismiss (ECF No. 11) be allowed in part and denied in part. Specifically, the Magistrate Judge recommends that Plaintiff Louis A. Plata's ("Plata" or "Plaintiff") hostile work environment claim should be dismissed as beyond the scope of Plaintiff's EEOC charge. The Magistrate Judge recommends the remainder of the motion should be denied. Eureka filed an objection to the Magistrate Judge's recommendation to allow the disparate treatment claim to go forward. (ECF No. 17). Plaintiff has filed his Response to the Objection. (ECF No. 18). For reasons stated herein, the Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendation. Defendant Eureka Locker, Inc.'s Motion to Dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART. Plaintiff's hostile work environment claim contained in Count I is DISMISSED WITH PREJUDICE. The portion of Plaintiff's claim that he was "tak[en] [ ] from employment on January 19, 2011 after being injured on the job in 2009, 2010 and 2011, while non-Hispanic employees who were injured were still retained [ ]" is also DISMISSED WITH PREJUDICE. The Motion to Dismiss is DENIED in all other respect.

*Background*

On January 23, 2013, Plaintiff filed his first Amended Complaint alleging claims of disparate treatment and a hostile environment under Title VVI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"). The factual allegations supporting Plaintiff's disparate treatment claim are contained in Paragraph 8 of the First Amended Complaint and repeated herein as follows:

> This action brought against the Defendant, EUREKA having subjected PLATA to National Origin Discrimination by failure to treat him the same as non-Hispanic employees despite PLATA'S repeated (sic) about same to wit:
>
> a) not providing him and other Hispanics first aid kits or gloves on the "kill floor" to protect him and other Hispanics from infection;
>
> b) taking him from employment on January 19, 2011 after being injured on the job in 2009, 2010 and 2011, while non-Hispanic employees who were injured were still retained namely; Everett Doe (Caucasian); Erika Doe (Caucasian);.Terry Doe (Caucasian); Josh Lane (Caucasian); Kenny Doe (Caucasian); Joe Doe (Caucasian); Jeff Rogers (Caucasian);Stephanie Doe (Caucasian); Scott Neltner (Caucasian); Kate Troyer (Caucasian); Rodney Koch ( Caucasian); Tony Doe (Caucasian).
>
> c) Being denied medical treatment after being injured on the job while non-Hispanics if injured received medical assistance.

(ECF 9 at ¶ 8).

> Plaintiff's hostile work environment is premised on the following allegations:
>
> Defendant by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of PLATA's employment by not treating him the same as others not in his protected group in discipline, overall company benefits and conditions of employment as compared to other employees at EUREKA not in Plaintiff's protected class.

(ECF No. 9 at ¶ 9).

On March 5, 2013, the Magistrate Judge issued his Report and Recommendation finding that Defendant's motion to Dismiss should be allowed in part and denied in part. With respect to Plaintiff's disparate treatment claim, the Magistrate Judge determined that:

> The Charge alleges a denial of medical assistance, and the Complaint alleges disparate treatment in connection with medical assistance. Paragraph 8, quoted above, alleges disparate treatment with respect to the availability of first aid kits and gloves to avoid infections on the job, the availability of medical treatment for injuries on the job, and the loss of work due to such injuries. These allegations are all reasonably related to the claim in the Charge that Eureka discriminated against Plata in the provision of medical assistance, or could reasonably be expected to grow out of an EEOC investigation of the Charge. These allegations, therefore, are within the scope of the charge. At a minimum, an issue of fact exists regarding whether the allegations are within the scope of the Charge. The allegations of disparate treatment, as set forth in paragraph 8 of the Complaint quoted above, should not be dismissed as outside of the scope of the Charge.

(ECF No. 16 at 6).

In determining the sufficiency of the Complaint, the Magistrate Judge explained:

> When read favorably to Plata, the Complaint also alleges that he was subjected to an adverse employment action due to unsafe and unhealthy working conditions. Plata alleges that because he was Hispanic, he was denied access to first aid kits and protective gloves and was denied medical treatment after he was injured. These allegations create an issue of fact regarding whether the denial of medical assistance subjected him to an adverse employment action in the form of unsafe working conditions, independent of the removal from work and the layoff. Count I states a claim for disparate treatment.

(ECF No. 16 at 9).

In recommending that the hostile work environment claim be dismissed, the Magistrate Judge found:

> The hostile work environment claims, however, are beyond the scope of the charge. A hostile work environment under Title VII is a working environment that subjects an employee to severe or pervasive abuse or hostility because [ ] he is in a protected class, in this case because Plata is Hispanic. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). The Charge contains no inkling of hostility or abusive conduct, let alone severe or pervasive hostility or abuse. The hostile work environment claim in Count I is beyond the scope of the charge and should be dismissed.

3

(ECF No. 16 at 7).

The parties were advised that any objection to the Report and Recommendation had to be filed within fourteen days after service of the Report and Recommendation. Id. *See also* Fed. R. Civ. P. 72(b); ILCD-LR 72.2; *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). Defendant timely filed its objection to the Report and Recommendation. In its Objection, Defendant argues that the Magistrate Judge erred in finding that:

> [P]laintiff's allegations in ¶ 8(a) and (b) of the FAC that Eureka Locker did not provide him with safety equipment and removed him from his job duties after he was injured are reasonably related to the allegations in his Charge of Discrimination ("Charge") that he was denied "medical assistance," and
>
> [T]hat Eureka Locker's denial of medical treatment as alleged in ¶ 8(c) of the FAC constituted adverse employment action for purposes of Title VII.

(ECF No. 17-1 at 1).

### *Standard of Review*

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

The Federal Rules of Civil Procedure require that the plaintiff provide "a short and plain statement of the grounds for the court's jurisdiction… a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." FED.R.CIV.P. 8(a)(1)-(3). In reviewing a motion to dismiss, this Court must confine its inquiry to the factual allegations set forth within the four corners of the complaint. See *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002); *PharMerica Chi., Inc. v. Meisels*, 772 F. Supp. 2d 938, 946 (N.D. Ill. 2011).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court indicated that although it "[did] not requir[e] heightened fact pleading of specifics" it did require complaints to contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544 (2007). As such, plaintiffs must include facts supporting a claim for relief that "nudg[e] their claims across the line from conceivable to plausible." Id. Likewise, in *Ashcroft v. Iqbal*, the Supreme Court held that courts considering a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to an assumption of truth." 556 U.S. 662, 679 (U.S. 2009).

The Supreme Court held that complaints must be supported by well-pled factual allegations. The well-pled factual allegations are entitled to an assumption of veracity; the reviewing court should then determine whether they "plausibly give rise to an entitlement to relief." Id. This "plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011) (*quoting Iqbal*, 129 S. Ct. at 1950). In reviewing *Twombly/Iqbal*, the Seventh Circuit has explained that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In sum, at the motion to dismiss stage, this Court may disregard legal conclusions or recitations of a cause of action which contribute nothing to the *Twombly/Iqbal* plausibility analysis. *McCauley*, 671 F.3d at 617-618.

## *Discussion*

A plaintiff is generally barred from including claims under Title VII in his complaint that were not originally presented in the EEOC charge of discrimination. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002); *Harper v. Godfrey Co.*, 45 F.3d 143,

5

147-48 (7th Cir. 1995); *Cheek v. W. & S. Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule is in place to "afford[s] an opportunity for the EEOC to settle the dispute between the employee and employer and put[s] the employer on notice of the charge against it." *Harper*, 45 F.3d at 148. As an exception to the general rule, this Circuit has allowed a plaintiff:

> [T]o proceed on claims not explicitly set forth in a charge of discrimination if the claim is like or reasonably related to the EEOC charges and the claim in the complaint reasonably [could] be expected to grow out of an EEOC investigation of the charge[ ]. For purposes of this standard, [t]he claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals.

*Peters*, 307 F.3d at 550. The standard is a liberal one in order to effectuate the remedial purposes of Title VII...." (Citation). In this case, Plata presented the following charge to the EEOC:

> I began my employment with Respondent in or around November 2000. My last position was as a Butcher. During my employment with Respondent, I, along with other Hispanic employees, was subjected to different terms and conditions of employment, including but not limited to, not being allowed to fill an employment application, being paid in cash, denied medical assistance, and fringe benefits, including health insurance. I complained to Respondent about the different terms and conditions to no avail. Ultimately, I was discharged.
>
> I believe that I, and a class of employees, have been discriminated against because of our national origin, Hispanic, in violation of Title VII of the Civil rights Act of 1964, as amended.

(ECF No. 9-1 at 2).

The Court must first determine whether the claim presented in the Complaint is "like or reasonably related" to the EEOC charge. Defendant argues that "[t]he magistrate judge should not have determined that the issue of whether plaintiff's allegations of disparate treatment in ¶¶ 8(a) and (b) of the FAC are within the scope of his Charge is "an issue of fact" that can be reserved for trial." (ECF No. 17-1). Defendants highlight that the Magistrate Judge stated that "[a]t a minimum, an issue of fact exists regarding whether the allegations are within the scope of

the Charge." *Id*. The Court agrees with the Defendant that the determination of whether the plaintiff's claims are within the scope of the EEOC charge is a question of law. *Moore v. Vital Products, Inc.*, 641 F.3d 253, 257 (7th Cir. 2011); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Notably, however, that statement referenced above occurred after the Magistrate Judge first concluded that the allegations in the First Amended Complaint "are within the scope of the charge." (ECF No. 16 at 7). Nonetheless, the Magistrate Judge incorrectly indicated that the allegation *could* go forward as an issue of fact.

In determining whether a claim is "like or reasonably related," the cases in this Circuit reveal there are a number of aspects to consider. Indeed, several Courts focus on the type of claim being presented. *Rush v. McDonald Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances of discrimination."); *Sitar v. Indiana Department of Transportation*, 344 F.3d 720, 726 (7th Cir. 2003) ("Normally, retaliation, sex discrimination, and sexual harassment charges are not like or reasonably related to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another."); *Lankford v. BorgWarner Diversified Transmission Products, Inc.*, 2004 WL 540983 (S.D. Ind. March 12, 2004) (claims of sex harassment and discrimination are not "like or reasonably related to" the allegations of harassment and discrimination on the basis of sexual orientation.); *Hall v. Walsh Construction*, Co., 2012 WL 3264921 (N.D. Ill. August 9, 2012) (claims of racial harassment are not like or reasonably related to claims of unlawful termination.) Plata's allegations in his charge and first Amended Complaint both allege disparate treatment based on National Origin. (See ECF No. 9 at 1 and ECF No. 9-1 at 2).

But, "[b]ecause an employer may discriminate on the basis of sex [race, color, religion, national origin, age and disability] in numerous ways, a claim of sex [race, color, religion, national origin, age and disability] discrimination in an EEOC charge and a claim of [race, color, religion, national origin, age and disability discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex [race, color, religion, national origin, age and disability] discrimination." *Cheek*, 31 F.3d at 501. The Court must also focus on the factual relationship between the charge and complaint. *Id*.

In the charge, the Plaintiff alleges a disparity in treatment with respect to "medical assistance." (ECF No. 9-1 at 2). Defendant argues that the conduct is not the same noting that "[m]edical assistance clearly implicates providing or making available a doctor's or other health professional's care or treatment after a person has been injured." (ECF No. 17-1 at 8). The charge is vague in some sense, as many are at this stage because they are drafted by non-attorneys; however, applying the requirement of "like or reasonably related" liberally in order to effectuate the remedial purposes of Title VII, the Court finds that the allegations in 8(a) and (c) are "like or reasonably related" to the charge. Despite Defendant's protestation that such a conclusion would be "ridiculously overbroad and nonsensical," access to "first aid kits or gloves" would be like or reasonably related to a denial of "medical assistance." Simply put a first aid kit to a remedial article used in the assistance of medical treatment. The Court also finds that such a claim could reasonably be expected to grow out of an EEOC investigation of the charge.

But the allegation contained in 8(b) is much more problematic for the Plaintiff. Indeed, the allegations suggest that he was removed from his position because he was previously injured (when others had been "retained") does not relate in any way to a denial of "medical assistance."

8

(*see infra*, p. 2; see also ECF No. 9 at ¶8(c)).  Indeed, the charge makes reference to "terms and conditions of employment" but this allegation takes a completely different direction suggesting wrongful termination.  Accordingly, the Court agrees with the Defendant that this allegation is outside the scope of the charge and cannot serve as a basis of the Complaint.   With that being said, the Court turns to the Defendant's other argument.

Defendant also argues that the Magistrate Judge erred in concluding that Plaintiff suffered an adverse employment action. (ECF No. 17-1 at 10).  The Magistrate Judge explained:

> An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits." Lewis v. City of Chicago, 496 F.3d 645, 653 (7th Cir. 2007) (quoting Bell v. E.P.A., 232 F.3d 546, 555 (7th Cir. 2000)). A significant change in employment status can also include, "changes to the employee's work conditions including subjecting her to 'humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in [her] work place environment.'" Lewis, 496 F.3d at 653 (quoting Herrnreiter v. Chicago Housing Authority, 315 F.3d 742, 744-45 (7th Cir. 2002)).
>
> Plata alleges that he suffered adverse employment actions. Plata alleges he was injured at work, and because he is Hispanic, he was denied medical treatment and was removed from work, unlike his Caucasian coworkers. As a result of this disparate treatment, he was ultimately laid off. These allegations show that Plata suffered an adverse employment action as a result of the disparate treatment.
>
> When read favorably to Plata, the Complaint also alleges that he was subjected to an adverse employment action due to unsafe and unhealthy working conditions. Plata alleges that because he was Hispanic, he was denied access to first aid kits and protective gloves and was denied medical treatment after he was injured. These allegations create an issue of fact regarding whether the denial of medical assistance subjected him to an adverse employment action in the form of unsafe working conditions, independent of the removal from work and the layoff. Count I states a claim for disparate treatment.

(ECF No. 16 7-8).  The Court agrees with the conclusion of the Magistrate Judge.  Consistent with this Court's finding above, the Magistrate Judge's excludes the "removal from work and the layoff" from his analysis that the Plaintiff was subjected to an adverse employment action.  Accordingly, Plaintiff is left with his allegations that he was denied "aid kits or gloves on the

"kill floor" to protect him and other Hispanics from infection" and further "denied medical treatment after being injured on the job while non-Hispanics if injured received medical assistance." The allegations minimally meet the requirement showing that the pleader is entitled to relief; and a demand for the relief sought.

Defendant argues that the Magistrate Judge did not take into consideration the line of cases that hold that "an employer's alleged refusal to provide an employee medical treatment by not allowing him to leave work to visit the doctor does not rise to the level of adverse employment action under Title VII." (ECF No. 17-1 at 11 *citing Craig v. Lyons Workshop Products, LLC*, 2005 U.S. Dist. LEXIS 8244, *13 (N.D. Ill., April 2005) and *Eversole v. SpurlinoMmaterials of Indianapolis*, 804 F.Supp.2d 922, 932-33 (S.D. Ind. 2011)).

While the cases cited by the Defendant are instructive, the Court would note that the decisions were rooted on the particular facts of the case at the summary judgment stage. *See Craig*, 2005 WL 1027131, *4 (N.D.Ill., April 22, 2005) ("Clearly, neither a slight delay in sending Craig to Mercy Hospital nor Vargas's failure to submit an incident report materially affected the terms of Craig's employment."); *Eversole, 804 F.Supp.2d at 932* ("Eversole alleges that the lag between his request for worker's compensation forms and actually receiving the form delayed his treatment, ultimately forcing him to see a doctor and buy a pair of glasses on his own. The Court agrees that Spurlino Materials' response to Eversole's injury was troubling. Nonetheless, a troubling or unpleasant act does not equate to being a material adverse employment action under Title VII."); *see also Ramsey v. New York City Health and Hospitals Corp.*, 2000 WL 713045, *9 (S.D.N.Y June 2, 2000) ("Defendant submits uncontroverted evidence that plaintiff was treated for his injury 28 minutes after it occurred and 19 minutes after Tichter learned about the injury. (Weiss Decl. Ex. F.) No evidence has been presented that non-

minority workers received quicker medical treatment under similar circumstances. On this evidence, no rational jury could find that such a brief delay in receiving medical treatment constitutes an adverse employment action."). Recognizing the limitations noted in the cases cited by the Defendant, the Court finds that the facts plead at this stage allow the Plaintiff to go forward. Plaintiff alleges he was denied "aid kits or gloves on the "kill floor" to protect him and other Hispanics from infection" and further "denied medical treatment after being injured on the job while non-Hispanics if injured received medical assistance." (ECF No. 9 at ¶ 8). While ultimately the facts developed in this case may not be sufficient, the Plaintiff survives the Motion to Dismiss on his disparate treatment claim.

No party has raised any issue with the Magistrate Judge's Report and Recommendation on the hostile work environment claim. The Court has carefully reviewed the Report and Recommendation on this issue and adopts it in its entirety. Plaintiff's hostile work environment claim contained in Count I is DISMISSED WITH PREJUDICE.

**Conclusion**

For reasons stated herein, the Court ADOPTS IN PART and DENIES IN PART the Magistrate Judge's Report and Recommendation (ECF No. 16). Defendant Eureka Locker, Inc.'s Motion to Dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART. Plaintiff's hostile work environment claim contained in Count I is DISMISSED WITH PREJUDICE. Plaintiff's claim that he was "tak[en] [ ] from employment on January 19, 2011 after being injured on the job in 2009, 2010 and 2011, while non-Hispanic employees who were injured were still retained [ ]" is also DISMISSED WITH PREJUDICE. The Motion to Dismiss is DENIED in all other respect. This matter is now referred back to Magistrate Judge Cudmore for further handling.

ENTERED this 2nd day of April 2013.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge