IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LUIS A. PLATA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12-cv-1497 |
| EUREKA LOCKER, INC., | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court for a Report and Recommendation on Defendant Eureka Locker, Inc.'s (Eureka Locker) Rule 37(b)(2) Motion for Sanctions or Alternatively, to Dismiss Pursuant to Rule 41(b) (d/e 36) (Motion). For the reasons set forth below, the Court recommends that the Motion should be ALLOWED in part.

## BACKGROUND

Plaintiff Luis A. Plata brought this action against his former employer Defendant Eureka Locker alleging employment discrimination based on Plata's Hispanic national origin, in violation of Title VII of the Civil Rights Act of 1964 (Count I), and a supplemental claim for retaliation for exercising his rights under the Illinois Workers Compensation Act (Count II). First

Amended Complaint (d/e 9). Eureka Locker moved to dismiss Count I. Defendant's Motion to Dismiss Count I of the First Amended Complaint (d/e 11) (Motion to Dismiss). After resolution of the Motion to Dismiss, the following claims remain: (a) in Count I, Eureka Locker violated Title VII by (1) failing to provide Plata and other Hispanics with first aid kits and gloves to protect against infection, and (2) denying Plata medical treatment after being injured on the job; and (b) in Count II, Eureka Locker wrongfully discharged Plata in retaliation because he exercised his rights under the Illinois Workers Compensation Act after being injured on the job and seeking medical attention for those injuries. Order entered April 3, 2013 (d/e 20), at 9-10.

On June 12, 2013, Eureka Locker served interrogatories and a request to produce documents on Plata. Plata served responses on September 18, 2013. Eureka Locker found the responses to be inadequate. Eureka Locker unsuccessfully attempted to resolve this dispute without resort to the Court. On October 25, 2013, Eureka Locker filed a Motion to Compel. Defendant's Motion to Compel Responses to Written Discovery (d/e 29) (Motion to Compel). Eureka Locker asserted that Plata's responses to its discovery requests were materially insufficient.

On November 5, 2013, Plata's counsel moved to withdraw. <u>Motion to Withdraw (d/e 31)</u>. Plata's counsel asked to withdraw because he and Plata, "have formed an impasse in their relationship due to non-compliance with discovery requests . . . ." <u>Motion to Withdraw</u>, at 1. On November 6, 2013, this Court entered a Text Order allowing the Motion to Withdraw. Plata has proceeded pro se in this case since that time.

On January 7, 2014, this Court allowed the Motion to Compel. The Court ordered Plata to complete discovery as follows:

> Plaintiff is ordered to provide full and complete answers to its interrogatories numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 20, and 21. Plaintiff is further ordered to produce all of his medical records dating to the year 2000, all records reflecting attempts to find employment, and the complete files for any workers' compensation claims he filed against Eureka Locker or any other previous employer. *Pro se* Plaintiff to comply with this Order by 2/3/2014.

<u>Text Order entered January 7, 2014 (Discovery Order)</u>.

Plata provided supplemental responses to the interrogatories on January 29, 2014. <u>Motion</u>, Exhibit 6, <u>Plaintiff's Responses to the Defendant's Fist Set of Interrogatories to Plaintiff (January 2014 Answers to Interrogatories)</u>. Plata submitted objections to the request to produce documents, and did not produce the documents identified in the Discovery Order. Eureka Locker was not satisfied with the responses, and attempted to resolve the matter with Plata directly. This attempt was unsuccessful.

Eureka Locker then filed the Motion.  In response to the Motion, Plata produced a number of documents, including medical records and documents demonstrating his efforts to secure additional records from the Illinois Workers Compensation Commission and the Illinois Department of Employment Security.  <u>Plaintiff's Memorandum and Response to Defendant's Motion for Sanctions (d/e 40) (Response)</u>, Attachments.

ANALYSIS

Eureka Locker moves to dismiss this case as a sanction for Plata's failure to comply with the Discovery Order.  A party may be sanctioned if he fails to obey a Court order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2).  Dismissal is the appropriate sanction under Rule 37(b)(2), "'when there is a clear record of delay or contumacious conduct, or when less drastic sanctions have proven unavailing.'"  <u>Maynard v. Nygren</u>, 332 F.3d 462, 467 (7th Cir. 2003).  A sanction of dismissal for failure to comply with discovery may also be appropriate upon a finding of willfulness, bad faith, or fault.  <u>Id.</u>; <u>see</u> <u>Collins v. Illinois</u>, 554 F.3d 693, 696 (7th Cir. 2009).   A discovery sanction imposed must be "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." <u>Melendez v. Illinois Bell Telephone Co.</u>, 79 F.3d 661, 672 (7th Cir. 1996).

In this case, the Court finds fault with Plata's response to the Discovery Order. Plata's January 2014 Answers to Interrogatories were substantially similar to the ones that the Court previously found to be deficient. Compare Motion, Exhibit 5, Plaintiff's Second Response to Defendant's Interrogatories, with Motion, Exhibit 6, January 2014 Answers to Interrogatories. Plata also did not produce documents identified in the Discovery Order.

Considering all the circumstances, however, Plata did not act willfully or in bad faith, and further, the information before the Court does not establish a record of delay or contumacious conduct. Plata produced medical records in his Response and has attempted to secure additional documents from relevant state agencies to comply with the Discovery Order. Response, Attachments. The January 2014 Answers to Interrogatories also contain some relevant information. Plata states that Eureka Locker's President Scott Bittner discriminated against Hispanic employees by denying them medical treatment for injuries suffered at work. See January 2014 Answers to Interrogatories, Answer to Interrogatory 8 ("Bittner . . . denies first aid to mexicans . . . ."). Plata names another Hispanic employee, Alex Plata, whom he claimed was discriminated against in the provision of medical treatment in that they both were not

allowed to return to work after surgery.  Id., Answer to Interrogatory 1.
Plata also names several similarly situated "Caucasian" employees that he claims were injured at work, received medical treatment without difficulty, and were allowed to return to work.  From the context, Plata uses the term "Caucasian" to mean White non-Hispanic employees.  Plata also gives the approximate dates of the injuries or indicates that he does not know the dates.  Id., Answer to Interrogatories 1and 4.

    Plata gives fairly detailed information about his supplemental retaliatory discharge claim.  Plata states that on January 18, 2011, he told Bittner that he needed to see a doctor because of injuries he suffered at work.  Bittner sent Plata back to work.  That same day, Plata told Eureka Locker employee Everette Boughton that he was going to see the doctor anyway.  Plata believes Boughton told Bittner of his intentions.  Sometime between January 20, and 24, 2011, Plata asked for insurance forms, and Bittner told Plata he was no longer employed at Eureka Locker as of January 18, 2011.  Id., Answer to Interrogatory No. 13.

    Plata also identifies the companies for which he has worked since 2000.  He indicates that he continues to work seasonally or intermittently for two of the companies, West Meats of Washington, Illinois, and Chenoa Locker, of Chenoa, Illinois.  Id., Answer to Interrogatory No. 19.

Plata, however, does not provide much information regarding his claims concerning denial of first aid kits or gloves. Plata states that Eureka Locker did not provide first aid kits or gloves to employees on the kill floor, but he does not indicate that non-Hispanics on the kill floor received first aid kits or gloves. Id., Answers to Interrogatories Nos. 2 and 5-9. Plata states that non-Hispanics received first aid when injured, but does not state that non-Hispanics were given first aid kits or gloves. Id., Answers to Interrogatories Nos. 6-9.

Considering all these circumstances, the Court finds that Plata failed to comply with the Discovery Order, but his actions were not willful or in bad faith and do not establish a record of delay or contumacious conduct. Plata should have notified the Court of his efforts to secure information from state agencies and asked for additional time. He did not do so. He also did not materially revise his answers to Eureka Locker's interrogatories. This Court, therefore, finds Plata at fault for his failure to comply with the Discovery Order.

A finding of fault is sufficient to impose a Rule 37 discovery sanction. See Collins, 554 F.3d at 696. In this particular case, this Court recommends that Plata should be sanctioned by being precluded from presenting evidence to support his claim that Eureka Locker discriminated

against him and other Hispanic employees by denying them first aid kits and gloves.  Plata's response to Eureka Locker's interrogatories failed to provide any significant information on these claims.  In light of that deficiency, the Court recommends that this sanction is proportionate under the circumstances.  See Fed. R. Civ. P. 37(b)(2)(A)(ii) (listing as an example of a possible discovery sanction, "prohibiting the disobedient party from supporting or opposing designated claims.").

Eureka Locker asks for dismissal as the discovery sanction.  Dismissal is a draconian sanction that should be limited to egregious cases.  See Maynard v. Nygren, 332 F.3d at 467.  As explained above, the Court finds that a lesser sanction is proportionate in this case.   Eureka Locker's request for dismissal as a discovery sanction should be denied.

Eureka Locker moves in the alternative for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The standard for dismissal for failure to prosecute is the same as the standard for violation of a discovery order under Rule 37(b).  Lucien v. Breweur, 9 F.3d 26, 29 (7th Cir. 1993).  The Court must find that "there is a clear record of delay or contumacious conduct or when less drastic sanctions have proven unavailing."  Maynard, 332 F.3d at 467; see also Id., at 467 n.2.  As explained above, the Court does not find a record of delay or contumacious

conduct that warrants dismissal.  The Court further notes that lesser sanctions have not been tried.  Therefore, the Court recommends that the alternate motion to dismiss for failure to prosecute under Rule 41(b) should be denied.

Eureka Locker also asks for costs and attorney fees for bringing this Motion.  This Court has recommended imposing a discovery sanction, but also recommended denying Eureka Locker's request for the sanction of dismissal.  When a Rule 37 motion is allowed in part, the Court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).  In this case, the Court recommends that the Court should exercise its discretion and elect not to apportion the expenses in connection with this Motion.  Under this Court's recommendations, neither party would completely prevail.  This Court recommends denying Eureka Locker's primary request, dismissal of the case, but still recommends a sanction.  Plata also appears to have limited financial resources.  <u>See</u> <u>Motion and Memorandum in Support of Application for Appointment of Counsel (d/e 34)</u>, at 2 (Plata has been unable to find work for three years.).  Under these circumstances, this Court recommends that apportionment of costs would be inappropriate.

THEREFORE this Court recommends that Defendant Eureka Locker, Inc.'s Rule 37(b)(2) Motion for Sanctions or Alternatively, to Dismiss Pursuant to Rule 41(b) (d/e 36) should be ALLOWED in part and DENIED in part. This Court recommends that Plaintiff Luis Plata should be sanctioned under Rule 37 by being precluded from presenting evidence to support his claim that Defendant Eureka Locker, Inc., discriminated against him and other Hispanic employees by denying them first aid kits and gloves. The Motion should otherwise be denied. The Court should elect not to apportion costs pursuant to Rule 37(a)(5)(C).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: May 7, 2014

                                      *s/ Tom Schanzle-Haskins*
                                   UNITED STATES MAGISTRATE JUDGE