UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LUIS A. PLATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-1497 |
| | ) | |
| EUREKA LOCKER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on Magistrate Judge Tom Schanzle-Haskins' Report and Recommendation (ECF No. 41) recommending that Defendant Eureka Locker, Inc's ("Eureka") Motion for Sanctions or Alternatively to Dismiss Pursuant to Rule 41(b) ("Motion for Sanctions") (ECF No. 36) be allowed in part and denied in part. For the following reasons, the Motion for Sanctions or Alternatively to Dismiss Pursuant to Rule 41(b) (ECF No. 36) is GRANTED IN PART and DENIED IN PART and the Report and Recommendation (ECF No. 41) is ADOPTED in its entirety.

**Standard of Review**

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* F<small>ED</small>. R. C<small>IV</small>. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* In this case, more than fourteen days elapsed since the filing of the Report & Recommendation, and no party has since served and filed a written objection to the Report. See 28 U.S.C. § 636(b)(1)(C); F<small>ED</small>. R. C<small>IV</small>. P. 72(b); ILCD-LR 72.2(B). As the parties failed to present timely objections, any such objections

have been waived. *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); and *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). Accordingly, the Court reviews the Magistrate Judge's recommendation for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## Discussion

The relevant procedural history regarding the Parties' discovery dispute is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. In sum, the discovery dispute stems from Eureka's interrogatories and request to produce documents served on June 12, 2013. Plata served his responses on September 18, 2013. After failing to resolve their dispute regarding the responses amongst themselves, Eureka filed a Motion to Compel. (ECF No. 29). After briefing, on January 7, 2014, the Magistrate Judge issued an Order directing Plata:

> [T]o provide full and complete answers to its interrogatories numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 20, and 21. Plaintiff is further ordered to produce all of his medical records dating to the year 2000, all records reflecting attempts to find employment, and the complete files for any workers' compensation claims he filed against Eureka Locker or any other previous employer. *Pro se* Plaintiff to comply with this Order by 2/3/2014.

(TEXT ORDER dated 1/7/2014).

On March 12, 2014, Eureka filed its Motion for Sanctions and Memorandum in Support of its Motion asserting that Plata had failed to comply with the Magistrate Judge's TEXT ORDER dated 1/7/2014. (ECF Nos. 36 and 37).

In his Report and Recommendation, the Magistrate Judge recommends that Eureka's Motion for Sanctions be allowed insofar as Plaintiff Luis Plata ("Plata") should be sanctioned under Rule 37 by being precluded from presenting evidence to support his claim that Eureka discriminated against him and other Hispanic employees by denying them first aid kits and

2

gloves. (ECF No. 41 at 10). The Magistrate Judge further recommended that Eureka's Motion should be denied in all other respects. *Id*. Finally, the Magistrate Judge recommended that no costs should be assessed against Plata pursuant to Rule 37(a)(5)(C). *Id*. As noted above, no party has filed any objection to the Magistrate Judge's Report and Recommendation.

The Court would initially note that Plata's claims that have survived to this stage include:

- Count I, Eureka Locker violated Title VII by:
    - (1) failing to provide Plata and other Hispanics with first aid kits and gloves to protect against infection, and
    - (2) denying Plata medical treatment after being injured on the job; and
- Count II, Eureka Locker wrongfully discharged Plata in retaliation because he exercised his rights under the Illinois Workers Compensation Act after being injured on the job and seeking medical attention for those injuries. Order entered April 3, 2013.

(*See* ECF Nos. 9; *see also* ECF No. 20 at 9-10).

In his Report and Recommendation, the Magistrate Judge recommends that Plata should be sanctioned under Rule 37 by being precluded from presenting evidence to support his claim that Eureka discriminated against him and other Hispanic employees by denying them first aid kits and gloves. (ECF No. 41 at 10). This, of course, would effectively resolve a portion of Count 1 of the Amended Complaint. (*See* ECF No. 9). In support of this recommendation, the Magistrate Judge explains that "Plata's response to Eureka Locker's interrogatories failed to provide any significant information on these claims." (ECF No. 41 at 8). In fact, the Magistrate Judge explained that "Plata states that Eureka Locker did not provide first aid kits or gloves to employees on the kill floor, but he does not indicate that non-Hispanics on the kill floor received first aid kits or gloves. [Citation omitted]." (ECF No. 41 at 7; *see also* ECF No. 37-6 at 9, Plata simply responded "Employer does not provide first aid kits."). Given the lack of information from Plata regarding this claim, the Court agrees with the Magistrate Judge that Plata should be

3

prohibited from presenting evidence on his claim that Eureka discriminated against him and other Hispanic employees by denying them first aid kits and gloves.

The Court also agrees with the Magistrate Judge that no further sanction is warranted. Indeed, in refusing to impose any greater sanction, Magistrate Judge explained that:

> Plata produced medical records in his Response and has attempted to secure additional documents from relevant state agencies to comply with the Discovery Order. Response, Attachments. The January 2014 Answers to Interrogatories also contain some relevant information. Plata states that Eureka Locker's President Scott Bittner discriminated against Hispanic employees by denying them medical treatment for injuries suffered at work. See January 2014 Answers to Interrogatories, Answer to Interrogatory 8 ("Bittner . . . denies first aid to mexicans . . . ."). Plata names another Hispanic employee, Alex Plata, whom he claimed was discriminated against in the provision of medical treatment in that they both were not allowed to return to work after surgery. Id., Answer to Interrogatory 1. Plata also names several similarly situated "Caucasian" employees that he claims were injured at work, received medical treatment without difficulty, and were allowed to return to work. From the context, Plata uses the term "Caucasian" to mean White non-Hispanic employees. Plata also gives the approximate dates of the injuries or indicates that he does not know the dates. Id., Answer to Interrogatories 1and 4.
>
> Plata gives fairly detailed information about his supplemental retaliatory discharge claim. Plata states that on January 18, 2011, he told Bittner that he needed to see a doctor because of injuries he suffered at work. Bittner sent Plata back to work. That same day, Plata told Eureka Locker employee Everette Boughton that he was going to see the doctor anyway. Plata believes Boughton told Bittner of his intentions. Sometime between January 20, and 24, 2011, Plata asked for insurance forms, and Bittner told Plata he was no longer employed at Eureka Locker as of January 18, 2011. Id., Answer to Interrogatory No. 13.
>
> Plata also identifies the companies for which he has worked since 2000. He indicates that he continues to work seasonally or intermittently for two of the companies, West Meats of Washington, Illinois, and Chenoa Locker, of Chenoa, Illinois. Id., Answer to Interrogatory No. 19.

(ECF No. 41 at 5-6). The information provided by Plata warrants not dismissing the case in its entirely. However, as noted by the Magistrate Judge, Plata is responsible for his failure to comply with the Discovery Order. Indeed, the Magistrate Judge explained.

> Considering all these circumstances, the Court finds that Plata failed to comply with the Discovery Order, but his actions were not willful or in bad faith and do not establish a record of delay or contumacious conduct. Plata should have notified the Court of his efforts to secure information from state agencies and asked for additional time. He did not do so. He also did not materially revise his answers to Eureka Locker's interrogatories. This Court, therefore, finds Plata at fault for his failure to comply with the Discovery Order.

(ECF No. 41 at 7). In this regard, the Court finds the resolution of the Magistrate Judge properly balanced the deficiency in Plata's discovery responses and the overall circumstances of this case. (*See* ECF No. 41 at 8; *see also* Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003) noting that dismissal is a draconian sanction that should be limited to egregious cases.). Having carefully considered this matter, and no objections being filed, the Court concurs with the recommendation that the proper action in this case is to limit the evidence Plata can present at trial as more fully explained above.

The Court also adopts the Report and Recommendation's finding that no monetary sanctions should be assessed against Plata. As noted by the Magistrate Judge, Plata's discovery deficiency was not tantamount to a willful violation, and Plata also appears to have limited financial resources. (*See* ECF No. 41 at 9).

## Conclusion

For the following reasons, Eureka's Motion for Sanctions or Alternatively to Dismiss Pursuant to Rule 41(b) (ECF No. 36) is GRANTED IN PART and DENIED IN PART and the Report and Recommendation (ECF No. 41) is ADOPTED in its entirety.

Entered this 29th day of May, 2014.

/s/ Michael M. Mihm

Michael M. Mihm
U.S. District Court Judge