UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUIS A. PLATA, | ) | Case No. 12 CV 1497 |
| Plaintiff, | ) | |
| v. | ) | Judge Michael M. Mihm |
| | ) | |
| EUREKA LOCKER, INC., | ) | Magistrate Judge Schanzle-Haskins |
| Defendant. | ) | |

FILED
APR 0 4 2016
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FINAL PRETRIAL ORDER

This matter having come before this Court for a Pre-Trial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Plaintiff having appeared *pro se*; and

Matthew F. Tibble having appeared as counsel for Defendant;

the following action was taken:

## II. [PROPOSED] JOINT STATEMENT

A. JURISDICTION

The Parties agree that this Court has jurisdiction under 28 U.S.C. § 1367(a).

B. UNCONTESTED ISSUES OF FACT

The Parties' Amended and Proposed Stipulation of Uncontested Facts is attached to this Order as Exhibit A.

C.  CONTESTED ISSUES OF FACT

The following factual issues are contested:

1. Whether Plaintiff was injured in the course of his employment on the dates claimed: January 13, 2009, April 21, 2009, January 25, 2010 and April 13, 2010.

2. Whether Plaintiff ever told anyone at Eureka Locker during the course of his employment that he intended to file claim for work-related injuries seeking worker's compensation benefits.

3. Whether Plaintiff was discharged from his employment on January 18, 2011.

4. Whether Plaintiff has made reasonable attempts to mitigate any damages he claims to have sustained.

D.  CONTESTED ISSUES OF LAW

The following legal issues are contested:

1. Whether Plaintiff was discharged from his employment by Defendant on January 18, 2011 in retaliation for advising Defendant that he intended to pursue a workers' compensation claim.

2. Whether Defendant had a valid non-pretextual reason for laying Plaintiff off from his employment on January 25, 2011.

3. Whether Plaintiff is entitled to recover any damages from Defendant.

E.    JURY DEMAND

The parties have waived the right to a jury and have requested a bench trial.

### III. PLAINTIFF'S STATEMENT

A.    ITEMIZED STATEMENT OF DAMAGES

Per Plaintiff's disclosures, Plaintiff was paid at $13.50 an hour. Plaintiff claims to have made approximately $26,000 per year. This means that Plaintiff's total damage claim for missing work for 3.5 years is $90,720. Plaintiff is also claiming $26,000.00 for medical bills and another $17,000.00 for the OSF Hospital bills that allegedly relate to the purported injuries sustained at the work place. Plaintiff's total damage claim is for approximately $133,720.

### IV. WAIVER OF CLAIMS OR DEFENSES
### (OR JURY DEMAND)

Defendant contends that Plaintiff waived his claims because he never tendered an initial draft of the final pretrial Order to Defendant as required by C.D. Ill. Local Rule 16.1, despite requests that he do so. Defendant also contends that because Plaintiff never took a deposition of Scott Bittner, who is Defendant's former president and now deceased, Plaintiff cannot testify to any conversation he had with Mr. Bittner under the Illinois Dead Man's Act (735 ILCS 5/8-301), which renders him unable to prove his claim.

## V. EXHIBITS ATTACHED

Except where otherwise designated, the following are attached as Exhibits to this order and are made a part hereof:

A. The Parties' Amended and Proposed Stipulation of Uncontested Facts.

B. Plaintiff's Witness List. (Per this Court's October 19, 2015 Order, Plaintiff is barred from calling any witness other than himself.)

C. Defendant's Witness List.

D. Plaintiff's Exhibit List. (Per this Court's October 19, 2015 Order, Plaintiff is barred from offering any exhibits.)

E. Defendant's Exhibit List.

F. Joint Exhibit List. (None tendered).

## VI. GENERAL ADDITIONAL

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties to trial; except that, upon the development of

testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is estimated that the length of trial will not exceed 3 full days. The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

This will be a bench trial.

s/Michael M. Mihm

IT IS SO ORDERED

JUDGE

ENTERED: _____

APPROVED AS TO FORM AND SUBSTANCE:

Plaintiff Pro Se
s/Matthew Tibble

Attorney for the Defendant

# EXHIBIT A

NONE

# EXHIBIT C

Exhibit C

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LUIS A. PLATA,

        Plaintiff,

v.

EUREKA LOCKER, INC.,

        Defendant.

Case No. 12 CV 1497

Judge Michael M. Mihm

Magistrate Judge Schanzle-Haskins

### WITNESS LIST FOR DEFENDANT

Defendant, Eureka Locker, Inc. ("Eureka Locker"), tenders the following list of witnesses. Eureka Locker reserves the right to call any individuals not listed below as rebuttal witnesses and any persons listed as a witness by the plaintiff should the Court permit him to tender such a list. Eureka Lock also reserves the right to call any witness not on this list to authenticate and provide foundation for any records it seeks to introduce into evidence which is objected to on such grounds by the plaintiff.

| Witness Name | Address (City and State Only) | Expert | Adverse |
|---|---|---|---|
| Luis Plata | Peoria, IL | n/a | Yes |
| Everette Boughton | Eureka, IL | n/a | n/a |
| Jeremy Aguirre | Eureka, IL | n/a | n/a |
| Terry Bittner | Eureka, IL | n/a | n/a |
| | | | |
| | | | |
| | | | |
| | | | |

# EXHIBIT E

Exhibit E

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LUIS A. PLATA,

    Plaintiff,

v.

EUREKA LOCKER, INC.,

    Defendant.

Case No. 12 CV 1497

Judge Michael M. Mihm
Magistrate Judge Schanzle-Haskins

EXHIBIT LIST FOR DEFENDANT

Defendant, Eureka Locker, Inc. ("Eureka Locker"), tenders the following list of exhibits. Eureka Locker reserves the right to use or introduce any exhibits not identified below at trial for purposes of rebuttal or impeachment.[1]

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Text messages between plaintiff and Scott Bittner (EL 00306) | | | |
| 2 | Letter from Scott Bittner to plaintiff dated 2/11/11 (EL 00170) | | | |
| 3 | Eureka Locker policies and practice guidelines (EL 00285-288) | | | |
| 4 | Workers' Compensation notice (EL 00284) | | | |

---

[1] As to Defendant's Exhibits 1 and 2, Eureka Locker's decision to use them at trial will depend upon the Court's ruling on its Motion *In Limine* Concerning the Dead Man's Act and a pending Motion to Reconsider (Doc. 78). These exhibits are listed conditionally in the Pre-Trial Order so that Eureka Locker's right to use them is preserved and not waived depending upon the Court's rulings. Listing them should not be construed as a waiver of any Dead Man's Act objection.

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 5 | Letter from David Vaughn at Workforce Network re: Luis Plata (Ex. 9 to Plata Dep.) | | | |
| 6 | Letter from Tina Lane at Alwan & Sons to Luis Plata dated 1/30/14 (Ex. 10 to Plata Dep.) | | | |
| 7 | Letter from Sharlette Walker at Goodwill to plaintiff dated 1/31/14 (Ex. 11 to Plata Dep) | | | |
| 8 | Letter from Emanuel McCrainey at Smithfield Farmland to Luis Plata (Ex. 12 to Plata Dep.) | | | |
| 9 | Letter from Michelle Martell at Sedona Staffing re: Luis Plata dated 2/3/14 (Ex. 13 to Plata Dep.) | | | |
| 10 | Workers Compensation notice (EL 00283) | | | |
| 11 | Application for Adjustment of Claim Case No. 11 WC 18935 (000001) | | | |
| 12 | Application for Adjustment of Claim Case No. 11 WC 18937 (000002) | | | |

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 13 | Application for Adjustment of Claim Case No. 11 WC 18938 (000003) | | | |
| 14 | Application for Adjustment of Claim Case No. 11 WC 18832 (000004) | | | |
| 15 | Application for Adjustment of Claim Case No. 11 WC 18832 (000009) | | | |
| 16 | Application for Adjustment of Claim Case No. 12 WC 23309 (000006) | | | |
| 17 | Application for Adjustment of Claim Case No. 12 WC 23387 | | | |
| 18 | Decision and Opinion on Review in Cases 11 WC 18832, 11 WC 18935, 11 WC 18937, and 11 WC 18938 (EL 000364-377) | | | |
| 19 | Arbitration Decision in Cases 12 WC 23309 and 12 WC 23387 (EL 000378-385) | | | |